# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## GALVESTON DIVISION

| | | |
|---|---|---|
| CHERYL ODOM, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. G-13-0074 |
| | § | |
| COLLEGE OF THE MAINLAND, | § | |
| Defendant. | § | |

## MEMORANDUM AND ORDER

This closed employment case is before the Court on Plaintiff Cheryl Odom's

Motion for Reconsideration and/or Motion for New Trial ("Motion") [Doc. # 22] and

Supplemental Motion [Doc. # 26], to which Defendant College of the Mainland

("College") filed a Response [Doc. # 25].  Plaintiff neither filed a reply nor requested

additional time to do so.  Having considered the full record and applicable legal

authorities, the Court **denies** Plaintiff's Motion and Supplemental Motion.

## I.    BACKGROUND

Plaintiff began her employment with Defendant in August 2003 as a Program

Coordinator II in Defendant's Teacher's Certification Program ("COMPACT"), a

program allowing college graduates who did not previously obtain a teaching

certificate to become certified to teach in the State of Texas.  Due to declining

applications for participation in COMPACT, the College indefinitely suspended the

program in February 2012.  Plaintiff's position was eliminated and her contract with the College was not renewed.

From September 16, 2011, until January 3, 2012, Plaintiff was on Family Medical Leave Act ("FMLA") leave in order to have and recover from brain surgery. Plaintiff alleged that the decision not to renew her contract was the result of retaliation for taking this FMLA leave.

Plaintiff filed this lawsuit on March 18, 2013.  The original deadline to complete discovery and file dispositive motions was April 1, 2014.  *See* Docket Control Order [Doc. # 14].  On November 27, 2013, in response to Defendant's request for available deposition dates, Plaintiff's counsel first requested depositions of defense witnesses.  Plaintiff suggested only two dates for all depositions – January 23, 2014 and January 24, 2014.  *See* November 26, 2013 Fax, Exh. B to Defendant's Response.  Defense counsel advised that one requested deponent (Ms. Matthews) was no longer an employee of the College, and another requested deponent (Dr. Locklear) was leaving Defendant's employ on January 13, 2014, to move to Florida.  *See* Letter, Exh. C to Defendant's Response.  Dr. Locklear's deposition was scheduled for January 6, 2014, but was cancelled by Plaintiff's counsel.  *See* E-Mail, Exh. F to Defendant's Response.  Plaintiff noticed, but did not subpoena, Ms. Matthews for deposition.

Depositions of Plaintiff and three defense witnesses were scheduled for January 24-25, 2014. Defense counsel asked to reschedule Plaintiff's deposition, but stated that Plaintiff could still depose defense witnesses as scheduled on January 25, 2014. *See* E-Mail, Exh. 3 to Plaintiff's Motion. Instead, Plaintiff rescheduled the depositions of the three defense witnesses to February 21, 2014. *See* Second Amended Notice of Depositions, Exh. G to Defendant's Response. Plaintiff was deposed on February 20, 2014, but she cancelled the depositions of the defense witnesses scheduled for February 21, 2014.

On March 31, 2014, Defendant filed its Motion for Summary Judgment. On April 2, 2014, after the close of discovery, Plaintiff's counsel contacted defense counsel to request an extension of the discovery deadline and the deadline for Plaintiff's response to the Motion for Summary Judgment. Plaintiff represented that additional time was required, in part, because her counsel needed to travel to Florida to depose Dr. Locklear. Defense counsel agreed to Plaintiff's request, and Plaintiff filed an unopposed "Motion to Modify Docket Control By An Additional Forty Five Days to Complete Discovery" [Doc. # 17]. On April 4, 2014, the Court[1] granted Plaintiff's motion, the discovery deadline was extended to May 16, 2014, and the

---

[1] At that time, the case was assigned to Hon. Gregg Costa. By Order [Doc. # 19] entered May 13, 2014, the case was transferred to the undersigned.

deadline for Plaintiff's response to the Motion for Summary Judgment was extended to May 26, 2014.  *See* Order [Doc. # 18].

Plaintiff failed to file any opposition to the Motion for Summary Judgment by the extended deadline.  By Memorandum and Order [Doc. # 20] entered May 30, 2014, the Court granted Defendant's Motion for Summary Judgment on the merits. Later that same day, Plaintiff filed the pending Motion seeking reinstatement of this lawsuit, reopening of discovery, and additional time to respond to the Motion for Summary Judgment.  Plaintiff's Motion is now ripe for decision.

## II.   **RULE 59(e)**

Plaintiff does not identify any legal basis for the requested relief in this case. Where, as here, a motion for reconsideration is "filed within twenty-eight days after the entry of the judgment, the motion is treated as though it was filed under Rule 59, and if it was filed outside of that time, it is analyzed under Rule 60."  *Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 n.2 (5th Cir. 2012) (citing *Texas A & M Research Found. v. Magna Transp., Inc.*, 338 F.3d 394, 400 (5th Cir.2003)). Consequently, the Court will construe Plaintiff's Motion as filed pursuant to Rule 59(e).

Reconsideration of a judgment pursuant to Rule 59(e) is an "extraordinary remedy that should be used sparingly."  *Waites v. Lee County, Miss.*, 498 F.

App'x 401, 404 (5th Cir. Nov. 26, 2012) (quoting *Templet v. Hydrochem, Inc.*, 367 F.3d 473, 479 (5th Cir. 2004)).  Rule 59(e) serves the narrow purpose of allowing a party to bring errors or newly discovered evidence to the Court's attention.  *See In re Rodriguez*, 695 F.3d 360, 371 (5th Cir. 2012) (citing *In re Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002)).  A litigant seeking relief under Rule 59(e) "must clearly establish either a manifest error of law or fact or must present newly discovered evidence." *Balakrishnan v. Bd. of Supervisors of La. State Univ. & Agr. & Mech. Coll.*, 452 F. App'x 495, 499 (5th Cir. 2011) (citing *Ross v. Marshall*, 426 F.3d 745, 763 (5th Cir. 2005) (quotation marks and citation omitted)).  Where the movant seeks to present newly discovered evidence, the "unexcused failure to present evidence available at the time of summary judgment provides a valid basis for denying a subsequent motion for reconsideration." *Templet*, 367 F.3d at 479 (citing *Russ v. Int'l Paper Co.*, 943 F.2d 589, 593 (5th Cir. 1991)); *see also Tate v. Starks*, 444 F. App'x 720, 729 (5th Cir. June 21, 2011).

In this case, Plaintiff does not assert that the Court's Memorandum and Order involved a manifest error of law or fact, and she does not identify any "newly discovered" evidence to support her request for relief.  Instead, Plaintiff's counsel asserts that he was busy with other matters and that witnesses were unavailable on the

dates in mid-May 2014 when he wanted to depose them.  *See* Motion [Doc. # 22], ¶ 1;
Supplemental Motion [Doc. # 26], ¶ 1.

Plaintiff's counsel argues also that he agreed to allow Defendant to file a late
Answer and, as a result, equity requires that he now be allowed to have this case
reinstated, discovery reopened, and the deadline for filing the response to Defendant's
Motion for Summary Judgment extended again.  *See* Supplemental Motion, ¶ 3.  The
record shows that defense counsel (and the Court) agreed to Plaintiff's requested
extension of the discovery and motions deadlines, and defendant lodged no objection
when Plaintiff's counsel rescheduled depositions of defense witnesses.

Plaintiff arguments do not provide a legal or factual basis for relief under Rule
59(e).  As a result, Plaintiff's Motion is denied.

## III.   <u>RULE 60(b)</u>

Plaintiff's counsel asserts that it was "through inadvertence" that he failed to
seek additional time to complete discovery and respond to Defendant's Motion for
Summary Judgment.  *See* Motion, ¶ 2; Supplemental Motion, ¶ 2.  Even if the Court
were to construe the Motion as filed pursuant to Rule 60(b)(1), relief must be denied.
Relief under Rule 60(b)(1) is available where the movant establishes "mistake,
inadvertence, surprise, or excusable neglect."  FED. R. CIV. P. 60(b)(1).  Relief is
inappropriate when the proffered justification is the "inadvertent mistake" of counsel.

*Edward H. Bohlin Co. v. Banning Co.,* 6 F.3d 350, 356-57 (5th Cir. 1993).  Indeed, granting relief on the sole basis of counsel's carelessness would be an abuse of discretion.  *See id.* at 357.  Therefore, Plaintiff's counsel's "inadvertence" is not a valid legal basis for relief under Rule 60(b)(1).

## IV.   CONCLUSION AND ORDER

Plaintiff has failed to establish the requirements for relief under Rule 59(e) or Rule 60(b).  As a result, it is hereby

**ORDERED** that Plaintiff's Motion [Doc. # 22] and Supplemental Motion [Doc. # 26] are **DENIED**.

SIGNED at Houston, Texas, this **3rd** day of **July, 2014**.

Nancy F. Atlas
United States District Judge